# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | |
| **v.** | ) | **No. 04-20119-05-KHV** |
| | ) | |
| **KELLY KESSLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On July 15, 2005, defendant pled guilty to one count of possession with intent to distribute five or more grams of methamphetamine.  On December 21, 2005, this Court sentenced defendant to 37 months in prison, three years on supervised release and a $100 special assessment to the crime victims fund.  This matter is before the Court on defendant's *pro se* motion to alter her sentence (Doc. #159) filed June 6, 2006.  Specifically, defendant asks the Court to amend the presentence report prepared by the U.S. Probation Office to eliminate the "gun enhancement."  Defendant states that if the Court grants her motion, the Bureau of Prisons can release her eight months early.  For reasons set forth  below the Court finds that defendant's motion should be overruled.

## Analysis

The Court does not have authority to adjust defendant's sentence.  A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c).  Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by

statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1), (2); <u>see</u> <u>Blackwell</u>, 81 F.3d at 947-48.  None of these exceptions apply here.  Defendant has not cited any statute which authorizes the Court to modify her sentence.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  <u>See</u> Fed. R. Civ. P. 35 (authorizes resentencing (a) to correct illegal sentence on remand from a court of appeals, (b) to reflect defendant's substantial assistance on motion of government, and (c) to correct arithmetical, technical or other clear error within seven days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  <u>See</u> <u>Blackwell</u>, 81 F .3d at 949.  For these reasons, the Court does not have jurisdiction to reduce defendant's sentence at this time.

**IT IS THEREFORE ORDERED** that defendant's motion to alter her sentence (Doc. #159) filed June 6, 2006 be and hereby is **OVERRULED**.  The Clerk is directed to forward copies of this order to defendant, defendant's counsel, the office of the United States Attorney, the United States Probation Office and the Regional Director of the Bureau of Prisons.

Dated this 23rd day of October, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge